928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William V. SPROUSE, Petitioner-Appellant,
v.
Norris W. MCMACKIN, Supt., Respondent-Appellee.
 No. 90-3963.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1991.
 
 N.D.Ohio, 89-61751, Aldrich, J.
 N.D.Ohio
 AFFIRMED.
 Before KEITH and BOYCE F. MARTIN, Jr. Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 William V. Sprouse appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, he moves for the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Challenging the constitutionality of his ten to twenty-five year term of imprisonment, imposed following his guilty plea to one count of aggravated burglary, with an aggravated felony specification, Sprouse alleged that his guilty plea and waiver of his right to a jury trial were not knowing and voluntary. Sprouse advanced eight claims pertaining to the validity of his guilty plea:
 
 
 3
 1. The proceeding at which the guilty plea was taken violated the United States Constitution and State Criminal Rule 11.
 
 
 4
 2. The guilty plea is invalid because the trial court failed to inform him that he was waiving his constitutional trial rights.
 
 
 5
 3. The trial court records does [sic] not establish that the nature of the charges was ever explained to petitioner.
 
 
 6
 4. The guilty plea violated the Ohio Rules of Criminal Procedure (Rule 11).
 
 
 7
 5. The guilty plea is invalid because it was not entered with an understanding of the effect of his admission to a prior burglary.
 
 
 8
 6. Denial of speedy trial.
 
 
 9
 7. Ineffective assistance of counsel.
 
 
 10
 8. The trial court failed to advise petitioner of his right to request conditional probation.
 
 
 11
 A magistrate issued a report recommending that the petition be denied. In his recommendation, the magistrate found that the record of the plea proceeding belied Sprouse's factual allegations. Following review of the magistrate's report and Sprouse's objections, the district court adopted the magistrate's recommendation and dismissed the case. Sprouse has filed a timely appeal, raising only grounds one through seven. As Sprouse has not raised ground eight on appeal, it is considered abandoned and will not be reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 12
 Upon review, we affirm the district court's order for the reasons stated by the magistrate in its report and recommendation dated May 4, 1990, as adopted by the district court, as none of Sprouse's assertions of error reflects that he was denied the rudimentary demands of fair procedure. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 13
 Accordingly, the motion for the appointment of counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.